NOT DESIGNATED FOR PUBLICATION

No. 123,137

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HEATH RUSSELL VOLKMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed February 4, 2022. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Brian Koch*, assistant district attorney, *Thomas Stanton*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., POWELL and ISHERWOOD, JJ.

PER CURIAM: Heath Russell Volkman appeals his conviction of possession of methamphetamine following a jury trial. Volkman claims that (1) the State committed prosecutorial error in the closing argument; (2) the district court erred by failing to give a limiting instruction after the jury heard evidence about Volkman driving while a habitual violator; and (3) he was denied a fair trial based on cumulative error. Finding no reversible error, we affirm the district court's judgment.

1

FACTS

Sergeant Josh Long of the Hutchinson Police Department stopped Volkman around 1:15 a.m. on April 4, 2019, for failing to turn into the nearest lane when turning onto K-61. Volkman was driving a maroon Mercury Sable that he did not own; he told officers on scene that the vehicle belonged to his parents. Volkman was the only occupant of the vehicle. Long obtained Volkman's driver's license and the vehicle's insurance information. Upon checking with dispatch, Long discovered that Volkman's license was revoked and arrested him for driving with a revoked license.

Long also called a narcotic detecting K-9 to the scene to search the vehicle. The K-9 conducted a free-air sniff of the vehicle and alerted to narcotics. Long then searched the vehicle and found a small plastic baggy in the left side of the driver's seat. The baggy contained a crystal substance; a field test kit revealed methamphetamine was in the baggy. A Kansas Bureau of Investigation (KBI) laboratory analysis report confirmed that the substance in the baggy was .06 grams of methamphetamine.

The State charged Volkman with one count of possession of methamphetamine and one count of driving while a habitual violator. At the jury trial, the State dismissed Volkman's driving while a habitual violator charge at some point before the jury instructions. But Long's body camera video footage, which was submitted as evidence and played for the jury, referenced Volkman's revoked license many times. And the State's closing argument mentioned the revoked license. The State's closing argument also misstated the amount of methamphetamine found in the vehicle—claiming 3.6 grams of methamphetamine was inside the baggy, instead of the accurate .06 grams.

The jury found Volkman guilty of possession of methamphetamine. The district court sentenced Volkman to 20 months' imprisonment but granted probation for 12 months. Volkman timely appealed the district court's judgment.

DID THE STATE COMMIT REVERSIBLE PROSECUTORIAL ERROR IN CLOSING ARGUMENT?

Volkman argues the State committed reversable prosecutorial error in its closing argument by (1) misstating the amount of methamphetamine found inside the vehicle and (2) arguing there was a usable amount of methamphetamine when that fact was not in evidence. The State asserts that while it did misstate the amount of methamphetamine, the error was harmless. The State also asserts that it made no error in arguing usability because that fact was supported by testimony at trial.

> "To determine whether prosecutorial error has occurred, the appellate court must decide whether the prosecutorial acts complained of fall outside the wide latitude afforded to prosecutors to conduct the State's case and attempt to obtain a conviction in a manner that does not offend the defendant's constitutional right to a fair trial. If error is found, the appellate court must next determine whether the error prejudiced the defendant's due process rights to a fair trial. In evaluating prejudice, we simply adopt the traditional constitutional harmlessness inquiry demanded by *Chapman* [*v. California*, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967)]. In other words, prosecutorial error is harmless if the State can demonstrate 'beyond a reasonable doubt that the error complained of will not or did not affect the outcome of the trial in light of the entire record, *i.e.*, where there is no reasonable possibility that the error contributed to the verdict.' *State v. Ward*, 292 Kan. 541, Syl. ¶ 6, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012)." *State v. Sherman*, 305 Kan. 88, 109, 378 P.3d 1060 (2016).

We will address Volkman's arguments in reverse order. Volkman argues that the prosecutor erred by asserting there was a usable amount of methamphetamine found in the vehicle, a fact that Volkman claims was not in evidence. More specifically, the prosecutor argued to the jury that the amount of methamphetamine found in the vehicle was "enough for a use." The prosecutor made the comments in the context of arguing that the owner of the vehicle Volkman was driving would not have inadvertently left a usable amount of methamphetamine in the vehicle, implying that drugs found in the vehicle must have belonged to Volkman.

3

The State contends the prosecutor's usability comments were based on reasonable inferences from the trial testimony and do not constitute prosecutorial error. At trial, Long testified as follows:

"[STATE:] You able to see any of the product in that baggy?

"[LONG:] Yes.

"[STATE:] Okay. And based on your training and experience, is that enough product for a person to use?

"[LONG:] Yes."

Officer James Sanders, a Hutchinson Police Department K-9 officer who assisted Long on scene, testified as follows:

"[STATE:] Is that the baggy that you saw in the vehicle that night?

"[SANDERS:] Yes.

. . . .

"[STATE:] Based on your training and experience, is that enough methamphetamine for a person to ingest?

"[SANDERS:] Yes."

Volkman argues that the testimony may support that there was a usable or ingestible amount of methamphetamine in the baggy, but that no evidence shows that a "usable amount" and "enough for a use" are the same. He claims, without evidence, that a usable or ingestible amount means enough for a use or a high, it was prosecutorial error for the State to assert usability to support its possession argument.

Considering the prosecutor's usability comments in the context of the entire record, the comments fall within the wide discretion afforded to prosecutors in making their arguments at trial. While Long and Sanders did not specifically testify that the methamphetamine found was enough for a drug user to get high on, they did testify that it

4

was enough for a person to use or ingest. The prosecutor's statement that it was "enough for a use" is a reasonable inference based on Long's and Sanders' testimony. Because prosecutors may draw reasonable inferences from the evidence, the State's usability argument does not constitute prosecutorial error.

Volkman also asserts the prosecutor misstated the amount of methamphetamine found inside the vehicle. While prosecutors are afforded a wide latitude to conduct the State's case, prosecutors fall outside this latitude by misstating the law or evidence. See *State v. Watson*, 313 Kan. 170, 179, 484 P.3d 877 (2021). In the State's closing argument, the prosecutor told the jury that "[t]he KBI lab report indicates there's 3.6 grams of methamphetamine in the car." But the lab report detailed there was .06 grams of methamphetamine in the vehicle. Volkman asserts this misstatement constitutes reversible prosecutorial error. The State concedes the misstatement was an error. But because the amount of methamphetamine was not a necessary element of Volkman's possession charge and because the jury was instructed to disregard statements of counsel not supported by the evidence, the State argues the error was harmless.

The State charged Volkman with possession of methamphetamine under K.S.A. 2018 Supp. 21-5706(a) and (c)(1). The jury instruction read:

> "To establish this charge, each of the following claims must be proved:
> "1.  The defendant possessed methamphetamine.
> "2.  This act occurred on or about the 6th day of April 2019, in Reno County, Kansas.
> "'Possession' means having joint or exclusive control over an item with knowledge of and the intent to have such control or knowingly keeping some item in a place where the person has some measure of access and right of control.
> "Proof of possession of any amount of a controlled substance suffices to sustain a conviction even if the amount is not measurable or usable."

The district court also instructed the jury that "[s]tatements, arguments and remarks of counsel are intended to help you in understanding the evidence and in applying the law, but they are not evidence. You should disregard any attorney's statement that has no basis in the evidence." The district court also orally instructed the jury that "[c]losing arguments are not to be considered evidence. Closing arguments are Counsels' suggestion to you of how they're asking you to view the evidence." And as the State notes, appellate courts presume that jurors follow the district court's instructions. See *State v. Peppers*, 294 Kan. 377, 392, 276 P.3d 148 (2012).

Volkman argues that because the State's evidence of his possession charge was not "overwhelming," the State cannot meet it burden of showing there is no reasonable possibility that this error contributed to the verdict. The crux of Volkman's argument is that the State did not have strong evidence linking him to knowingly possessing the baggy found in the vehicle—the vehicle was not registered in his name, the baggy was not found in immediate plain view in the vehicle, no drugs or paraphernalia were found on Volkman or in his possessions within the vehicle, and no evidence was admitted that Volkman was a known drug user or that he was acting suspiciously or as if he were under the influence of drugs at the time of the stop. Thus, Volkman argues that the prosecutor incorrectly stating that there was 3.6 grams of methamphetamine found in the vehicle prejudiced him and denied him the right to a fair trial.

But the State correctly points out that the amount of methamphetamine found was not a requisite element of Volkman's possession charge. Proof of possessing any amount of methamphetamine, whether it was usable or measurable, was sufficient for the jury to find Volkman guilty. While Volkman highlights the limited evidence of his knowing possession, the State did provide evidence outside of its usability argument addressing the possession element of Volkman's charge—including that Volkman was the sole occupant of the vehicle when the methamphetamine was found, he treated and referred to the vehicle as his own, the methamphetamine was found within immediate reach of the

6

driver's seat, and the baggy it was found in appeared new. And the jury was provided with State's Exhibit 4—a KBI lab report that listed the accurate amount of methamphetamine found in the car as .06 grams. The district court also gave oral and written instructions explaining that counsel's statements are not evidence and that the jury must only consider evidence which the court admits. In the context of the entire record, there is no reasonable possibility that the prosecutor's misstatement contributed to the jury's verdict. As a result, we agree with the State that the error was harmless.

### DID THE DISTRICT COURT COMMIT CLEAR ERROR BY FAILING TO GIVE A LIMITING INSTRUCTION ABOUT VOLKMAN'S STATUS AS A HABITUAL VIOLATOR?

Volkman next claims the district court committed reversible error by failing to give an unrequested limiting instruction about his status as a habitual violator after the jury saw and heard evidence about Volkman driving with a revoked license. The State contends the district court did not err by failing to give a limiting instruction, but if there was error it does not require reversal of Volkman's drug conviction.

Volkman did not request a limiting instruction below, nor did he object when evidence about him driving while a habitual violator was introduced at trial. But even if the defendant did not object below, they can still challenge the lack of a limiting instruction as clearly erroneous for the first time on appeal. See K.S.A. 2020 Supp. 22-3414(3); *State v. Breeden*, 297 Kan. 567, 579-80, 304 P.3d 660 (2013).

The clear error analysis is a two-step process, first asking whether the district court erred by failing to give a limiting instruction and then analyzing whether such error requires reversal. *State v. Williams*, 295 Kan. 506, 515-16, 286 P.3d 195 (2012). To establish clear error, "'the defendant must firmly convince the appellate court that the giving of the instruction would have made a difference in the verdict.' [Citation omitted.]" *State v. Cooper*, 303 Kan. 764, 771, 366 P.3d 232 (2016).

7

While Volkman does not cite K.S.A. 60-455, it appears he is relying on this statute to argue that a limiting instruction was legally appropriate in this case. K.S.A. 2020 Supp. 60-455 provides that evidence that a person committed a crime or civil wrong on one occasion is inadmissible to prove that person's disposition to commit crimes or civil wrongs on another occasion—essentially, it bars propensity arguments. But prior crimes evidence can be admitted for non-propensity purposes, so long as a limiting instruction is provided. See *State v. Chavez*, 310 Kan. 421, 435, 447 P.3d 364 (2019).

Volkman asserts the State twice referenced his prior crimes during trial, so that a limiting instruction was required. In State's Exhibit 1, Long's body camera video footage, Volkman notes that Long referenced Volkman's status as a habitual violator. In the video, which was played for the jury and submit as evidence, Long asked Volkman if he was "aware [he's] got a revoked license." Later in the video, Long arrests Volkman for driving while his driver's license is revoked. Volkman also notes the State referenced his prior crimes in its closing argument—saying that "Sergeant Long discovered the defendant's driver's license was revoked and had him exit the vehicle."

Considering the State dropped Volkman's charge of driving while a habitual violator, a limiting instruction would have been factually appropriate to ensure the jury did not make any propensity assumptions about Volkman's status as a habitual violator in the context of his possession charge. The specific question becomes whether a limiting instruction was also legally appropriate—essentially, asking whether the evidence in question was K.S.A. 60-455 prior crimes evidence requiring a limiting instruction.

Our Supreme Court has held that K.S.A. 60-455 does not apply if the evidence in question relates to the crimes committed as a part of the events surrounding the crime for which the defendant is now on trial. *State v. Gonzalez*, 307 Kan. 575, 597, 412 P.3d 968 (2018). In *Gonzalez*, the court found that evidence of the defendant confronting someone with a handgun was admissible outside of K.S.A. 60-455 because the confrontation

8

occurred within 10 to 15 minutes of the shooting for which the defendant was on trial, and not on a separate occasion. 307 Kan. at 598. Similarly, the evidence of Volkman's driving while a habitual violator was discovered during the same traffic stop that led to his possession charge and, thus, could be admissible outside of K.S.A. 60-455.

But Volkman's prior crime differs from that in *Gonzalez*. Volkman's arrest for driving while a habitual violator implies that he committed multiple crimes—the crime of driving with a revoked license, which occurred during the events surrounding his possession charge—and prior traffic crimes which prompted him to be declared a habitual violator in the first place. Because the evidence in question could be framed as K.S.A. 60-455 evidence of Volkman's bad acts on a separate occasion, it was legally and factually appropriate for the district court to provide a limiting instruction.

Once error is established, the defendant still bears the burden of firmly convincing the appellate court that the jury would have returned a different verdict had a limiting instruction been given. *Cooper*, 303 Kan. at 771. Volkman has not met this burden. Volkman alleges that the jury may have improperly inferred that because he was driving with a revoked license, he was a "'general wrongdoer'" or that he needed to be punished. But this propensity argument is weak in comparison to the evidence the State presented about Volkman's connection to the methamphetamine found in the vehicle. Driving while a habitual violator is a traffic-related offense. Volkman points to nothing in the record to show that the jury hearing evidence of this crime would have led it to find that Volkman had a propensity to commit a drug crime. We are not firmly convinced that the outcome of the trial would have been different had the district court given the limiting instruction. Thus, the district court's failure to sua sponte give the limiting instruction does not require reversal of Volkman's conviction.

9

## WAS VOLKMAN DENIED A FAIR TRIAL BASED ON CUMULATIVE ERROR?

Finally, Volkman claims he was denied a fair trial based on cumulative error. The State asserts that only one error occurred, and even if the appellate court finds multiple errors, they do not merit reversal of Volkman's conviction.

Cumulative trial errors may require reversal of the defendant's conviction when the totality of the circumstances establish that the defendant was substantially prejudiced by the errors and denied a fair trial. *State v. Hirsh*, 310 Kan. 321, 345, 446 P.3d 472 (2019). In assessing the cumulative effect of errors during the trial, appellate courts examine the errors in the context of the entire record, considering how the trial judge dealt with the errors as they arose; the nature and number of errors and their interrelationship, if any; and the overall strength of the evidence. 310 Kan. at 345-46.

We have identified two errors in this case: (1) The prosecutor misstated the amount of methamphetamine found in the vehicle, and (2) the district court failed to provide a limiting instruction about the evidence of Volkman's driving while a habitual violator charge. The prosecutor's misstatement did not create significant prejudice because no specific amount of methamphetamine was required for conviction and the district court instructed the jury to disregard unsupported statements of counsel. As for the failure to give a limiting instruction about the habitual violator evidence, Volkman does not point to anything in the record to show that the jury hearing evidence of this crime would have led it to find that Volkman had a propensity to commit a drug crime. Even considering these errors collectively, the totality of the circumstances does not show that these errors substantially prejudiced Volkman and denied him a fair trial.

Affirmed.